IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CT-03114-BO

**Jorge Galeas, Jr.**,

              Plaintiff,

v.

**Sergeant Oliver & Officer English**,

              Defendants.

**Memorandum & Recommendation**

      Plaintiff Jorge Galeas, Jr. ("Galeas"), a state inmate proceeding *pro se*, commenced this civil action on May 29, 2015. On June 1, 2015, the undersigned entered an order notifying Galeas that he must either pay the requisite filing fee or file an application to proceed without the prepayment of fees (D.E. 3). Galeas was directed to correct this deficiency within 21 days, and that failure to do so would result in the dismissal of his action without prejudice for failure to prosecute. *Id.* Galeas responded to the undersigned's June 1, 2015 order on June 8, 2015 (D.E. 4). The response was wholly unresponsive to the directives contained in that order. Specifically, Galeas returned a copy of the undersigned's order, with the notation "please find enclosed your presentment offer . . . it is being returned as a money order for offset and/or discharge of the debt." Pl. Ex. at 1, D.E. 4-2. The instant complaint could be dismissed due to this inadequate response and Galeas' failure to prosecute alone.

      Moreover, Galeas is a familiar litigant in federal court in North Carolina, having filed at least sixty actions in five years. *See* Admin. Office of the U.S. Courts, PACER Case Locator, www.pacer.gov (search both "Galeas" and "Gevara"). The PLRA requires that the court dismiss a prisoner's action:

1

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This subsection is known as the "three-strikes" provision of the PLRA. *See Tolbert v. Stevenson*, 635 F.3d 646, 650 (4th Cir. 2011); *Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006); *Altizer v. Deeds*, 191 F.3d 540, 544 (4th Cir. 1999).

Galeas has filed at least three actions that courts have dismissed as frivolous, malicious, or failing to state a claim, and now receives routine dismissals pursuant to section 1915(g). *See, e.g.*, *Galeas v. FNU Smith*, No. 5:13-CT-3322-H (E.D.N.C. Mar. 24, 2014), D.E. 5; *Galeas v. Gray*, No. 5:13-CT-3041-D, 2013 WL 1890746, at *3 (E.D.N.C. May 6, 2013) (unpublished); *Galeas v. Previtire*, No. 3:11-cv-582-RJC, 2012 WL 5985667, at *3–4 (W.D.N.C. Nov. 28, 2012) (unpublished). Therefore, in order to avoid dismissal under § 1915(g), Galeas must show that he is under imminent danger of serious physical injury in order to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(g).

The imminent danger of serious physical injury "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.*

Here, Galeas cites the Uniform Commercial Code, as well as numerous statutes, legal treatises, and common law propositions. *See, e.g.*, Compl. at 6-7, D.E. 1. Citing these materials,

2

Galeas asserts that "[Defendant] Oliver forced [him] to get out of [his] cell . . . without [his] consent or contract." *Id.* at 2. He contends that this lack of consent or contract violated, among other things, his right to privacy and his right to be free from cruel and unusual punishment. *Id.* at 1-2. Not only do these allegations fail to establish that Galeas is under imminent danger of serious physical injury, they are frivolous on their face. *See, e.g., Little v. Leigh*, No. 5:14-CT-3137-D, D.E. 7 at pp. 2-4 (E.D.N.C. July 22, 2014) (unpublished) (collecting cases). For these reasons, it is recommended that Galeas' complaint be dismissed.

The Clerk of Court shall serve a copy of this Memorandum and Recommendation on Plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court**

of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.  *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Dated:  October 28, 2015

_____
Robert T. Numbers, II
United States Magistrate Judge