UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-03114-BO

**Jorge Galeas, Jr.,**

    Plaintiff,

v.

**Sergeant Oliver and Officer English,**

    Defendants.

**Order**

On May 29, 2015, Jorge Galeas, Jr. ("Galeas"), a state inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein Judge Numbers recommends that the court dismiss Galeas' complaint on frivolity review. D.E. 5. Galeas filed objections to the M&R. D.E. 6. For the following reasons, the court adopts the M&R and dismisses the petition.

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); *see* 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (quotation omitted). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In filing objections, a party "must specifically identify those findings objected to." *Battle v. United States Parole Commission,* 834 F.2d 419, 421 (5th Cir. 1987), *overruled on other grounds Douglass v. United Ervs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. *Wells v. Shriners Hospital,* 109 F.3d 198, 200 (4th Cir. 1997) (boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.*" *United States v. Midgette,* 478 F.3d 616, 621 (4th Cir. 2007), *certiorari denied* 551 U.S. 1157 (2007) (emphasis in original).

Judge Numbers recommends dismissal for three reasons. First, Judge Numbers noted that Galeas failed to respond to a June 1, 2015 order instructing him to correct a deficiency in his filings, and therefore his complaint should be dismissed for failure to prosecute. Secondly, Judge Numbers noted that Galeas has filed at least three actions that the courts have dismissed as frivolous, malicious, or failing to state a claim. *See, e.g., Galeas v. FNU Smith,* No. 5:13-CT-3322-H (E.D.N.C. Mar. 24, 2014), D.E. 5; *Galeas v. Gray,* No. 5:13-CT-3041-D, 2013 WL 1890746, at *3 (E.D.N.C. May 6, 2013) (unpublished); *Galeas v. Previtire,* No. 3:11-cv-582-RJC, 2012 WL 5985667, at *3–4 (W.D.N.C. Nov. 28, 2012) (unpublished). Accordingly, to proceed without the prepayment of the filing fee, Galeas must show that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Because he failed to do so, Judge Numbers recommended

2

the dismissal of Galeas' claims. Finally, Judge Numbers determined that Galeas' claim that the defendants violated his constitutional rights by ordering him out of his cell without his contract or consent was frivolous on its face.

Galeas' objections are rambling, disjointed, and nonsensical, much like his original complaint. For example, Galeas contends that "[t]he United States District Court is not a true United States court established under Article III of the Constitution." D.E. 6 at 3. Regardless, they fail to address Judge Numbers' recommendations in any meaningful way, and the undersigned agrees that Galeas' claims are frivolous on their face. *See, e.g., Little v. Leigh*, No. 5:14-CT-3137-D, D.E. 7 at pp. 2-4 (E.D.N.C. July 22, 2014) (unpublished) (collecting cases). Therefore, upon careful review of the record and the M&R, the court rejects Galeas' objections to the Memorandum and Recommendation and adopts the Recommendation. Accordingly, the action is DISMISSED, and the Clerk of Court is DIRECTED to close this case.

SO ORDERED, this __16__ day of February 2016.

TERRENCE W. BOYLE
United States District Judge